UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Juan Eliseo Imul Mejia )<br> )<br>     Petitioner, )<br> )<br>v. )<br> )<br>TODD M. LYONS, Acting Director Immigration and )<br>Customs Enforcement, Boston Field Office )<br>PATRICIA HYDE, Field Office Director, )<br>MICHAEL KROL, HSI New England Special )<br>Agent in Charge, and TODD LYONS, Acting )<br>Director U.S. Immigrations and Customs )<br>Enforcement, KRISTI NOEM, U.S. Secretary )<br>of Homeland Security, PAMELA BONDI, )<br>U.S. Attorney General, DONALD J. TRUMP, )<br>President of the US )<br> )<br>     Respondents. )<br>_____ ) | Case No. 25-12621<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

1

## INTRODUCTION

1.     Petitioner Juan Eliseo Imul Mejia ("Petitioner") is a Guatemalan national with an approved Form I-130 application, Spouse of a Lawful Permanent Resident (Receipt Number WAC1890230317), a pending Form I-485 (Receipt Number SRC2318750132), an approved Employment Authorization Document, Category C(0)(9) (Receipt Number MSC2390660834), and a pending Form 42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents (Receipt Number SRC-17-007-50308). He has a hearing date scheduled in the Chelmsford Immigration Court on September 29, 2028.

2.     On information and belief, he was unlawfully detained by federal immigration agents on September 16, 2025, in Hopedale, Massachusetts.

3.     Accordingly, to vindicate Petitioner's statutory, constitutional, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus.

4.     Petitioner alleges violations of the protection against unreasonable search and seizure of the Fourth Amendment, the Due Process Clause of the Fifth Amendment, and a violation of the Administrative Procedure Act.

5.     Petitioner asks this Court to assume jurisdiction over the matter of his detention, find that his arrest and detention are illegal and order his immediate release, issue a stay of removal from jurisdiction of the United States or transfer outside of the District of Massachusetts, and award reasonable attorney's fees.

## JURISDICTION

6.     This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

8. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

9. Venue is proper because Petitioner is likely detained at Burlington ICE Field Office in Burington, Massachusetts, which is within the jurisdiction of this District. As of 10:00 a.m. on September 17, 2025, Petitioner did not appear in the Immigration and Customs Enforcement (ICE) Detainee Locator.

10. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to his claims occurred in this District, and Petitioner resides in this District. There is no real property involved in this action. 28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

11. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

12. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most

important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

13. Petitioner has an approved Form I-130 application, Spouse of a Lawful Permanent Resident (Receipt Number WAC1890230317), a pending Form I-485 (Receipt Number SRC2318750132), an approved Employment Authorization Document, Category C(0)(9) (Receipt Number MSC2390660834), and a pending Form 42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents (Receipt Number SRC-17-007-50308). He has a hearing date scheduled in the Chelmsford Immigration Court on September 29, 2028.

14. Petitioner is a resident of Lynn, Massachusetts. He is in the custody and under the direct control of Respondents and their agents.

15. Respondent Todd Lyons is named in his official capacity as the Acting Director for U.S. Immigration and Customs Enforcement. As the Senior Official Performing the Duties of the Director of ICE, he is responsible for the administration and enforcement of the immigration laws of the United States and is legally responsible for pursuing any effort to remove the Petitioner. In this capacity, Respondent Lyons oversees all detention of noncitizens held in ICE custody and is a legal custodian of Petitioner with the authority to release him.

16. Respondent Patricia Hyde is sued in her official capacity as the Acting Director of the Boston Field Office of U.S. Immigration and Customs Enforcement. Respondent Hyde is a legal custodian of Petitioner and has authority to release him.

17. Respondent Michael Krol is sued in his official capacity as the HSI New England Special Agent in Charge. In this capacity, Respondent Krol is a legal custodian of Petitioner and has the authority to release him.

18. Respondent Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees ICE, the component agency responsible for Petitioner's detention and custody. Respondent Noem is a legal custodian of Petitioner.

19. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

20. Respondent Donald J. Trump is named in his official capacity as the President of the United States. In this capacity, he is responsible for the policies and actions of the executive branch, including the Department of State and Department of Homeland Security.

## STATEMENT OF FACTS

21. Petitioner is a forty-three-year-old citizen of Guatemala. Petitioner has resided in the United States for approximately twenty years. His spouse is a lawful permanent resident. He has children who are United States citizens.

22. The Petitioner first entered the United States without inspection on or about January 31, 2000.

23. In 2005, he obtained a H2B visa. The Petitioner departed the United States on February 12, 2005. He was lawfully admitted back into the U.S. through Miami, Florida on February 22, 2005.

24. He has remained in the United States since that date.

25. Petitioner has an approved Form I-130 application, Spouse of a Lawful Permanent Resident (Receipt Number WAC1890230317), a pending Form I-485 (Receipt Number SRC2318750132), an approved Employment Authorization Document, Category C(0)(9) (Receipt Number MSC2390660834), and a pending Form 42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents (Receipt Number SRC-17-007-50308). He has a hearing date scheduled in the Chelmsford Immigration Court on September 29, 2028.

26. On September 16, 2025, Immigration and Customs Enforcement detained the Petitioner in Hopedale, Massachusetts. It is believed that ICE transported Petitioner to Burlington Field Office for processing.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of Fourth Amendment Reasonable Search and Seizure**

27. The allegations in the above paragraphs are realleged and incorporated herein.

28. The Department arrested and detained Petitioner in violation of his right to be free from unreasonable search and seizure. A party claiming a Fourth Amendment violation must establish both that a seizure occurred and that the seizure was unreasonable. *Sodal v. Cook County* 506 U.S. 56, 71 S. Ct. 538, 121 L. Ed. 2d 450 (1992). A seizure is unreasonable if a balance of public and private interests implicated by the seizure favors the asserted private interest. *Id.* Petitioner asserts a private interest to apply for lawful status in the United States. The Department

has not yet asserted a reason for detaining Petitioner. The balance of Petitioner's asserted private interest outweighs the government interest.

29. For these reasons, Petitioner's arrest and detention violates the Fourth Amendment.

## COUNT TWO
### Violation of Fifth Amendment Right to Due Process

30. The allegations in the above paragraphs are realleged and incorporated herein.

31. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

32. In detaining Petitioner, Respondents took advantage of Petitioner's good faith efforts to exhaust his legal protections that would allow him to remain in the United States. The violative actions of the Respondents undermines the faith of noncitizens that they may apply for immigration benefits for which they are eligible.

33. The Department's arrest of Petitioner impeded his ability to avail himself of the myriad immigration benefits for which he is facially eligible, in violation of his Fifth Amendment right to Due Process.

34. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

## COUNT THREE
### Violation of the Administrative Procedure Act and the *Accardi* Doctrine

35. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

36. The Respondents have adopted a policy of moving detainees from facilities in their home states to frustrate judicial procedure and more swiftly effectuate the removal of those

aliens. Transfer out of Massachusetts may also shift the burden of proof in bond proceedings from the Respondents to the Petitioner, making it more difficult for the Petitioner to secure release from his unlawful detention. This policy is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C), and violates the *Accardi* doctrine and federal agencies' own rules, see *Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

At this time, the Petitioner is in removal proceedings with a hearing scheduled in 2028. His detention is an unlawful violation of his rights under the Administrative Procedure Act to be free from arbitrary and capricious administrative action. His detention also violates his statutory due process rights under the Administrative Procedure Act.

## COUNT FOUR
### Release on Bail Pending Adjudication

38.  Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

39.  Federal courts sitting in habeas possess the "inherent power to release the petitioner pending determination of the merits." *Savino v. Souza*, 453 F. Supp. 3d 441, 454 (D. Mass. 2020) (quoting *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam)); see also *Da Graca v. Souza*, 991 F.3d 60 (1st Cir. 2021). Federal courts "have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in the criminal habeas case." *Id*. (quoting *Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001)). "A court considering bail for a habeas petitioner must inquire into whether the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id*. (quoting Mapp, 241 F.3d at 230) (cleaned up).

40. This petition raises constitutional and statutory claims challenging the Petitioner's detention. Upon reason and belief, the Petitioner fears his transfer to a detention facility outside of Massachusetts, where his remote location would prevent his from adequately litigating his removal and bond proceeding by limiting his access to counsel and evidence located within the District of Massachusetts.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Declare that Petitioner's detention and arrest violates the Fourth Amendment, the Due Process Clause of the Fifth Amendment, and the Administrative Procedures Act;

(4) Issue a Writ of Habeas Corpus ordering Respondents to immediately release Petitioner, and, in the interim preventing his transfer outside of the District.

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,

Juan Eliseo Imul Mejia

By and through his counsel,

Dated: September 17, 2025

/s/ *Jason T. Thomas*
Jason T. Thomas
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520

Boston, Massachusetts 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
rubinpom@rubinpom.com
MA BBO#681643


/s/ *Todd C. Pomerleau*
Todd C. Pomerleau
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, Massachusetts 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
rubinpom@rubinpom.com
MA BBO#664974

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Juan Eliseo Imul Mejia, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 17th day of September, 2025

/s/ *Jason T. Thomas*
Jason T. Thomas